IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TRAVIS SMITH, :
:
Plaintiff :
:
VS. :
:
Corporal LeBLANC, Sheriff JAMIL SABA, :
DOUGHERTY CO. SHERIFF'S DEPT, :
DOUGHERTY CO. JAIL, Officer SMITH, :
and JANE DOE Booking Officer, : NO. 1:07-CV-124 (WLS)
:
Defendants : **RECOMMENDATION**

Plaintiff **TRAVIS SMITH** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff's claim arises out of his incarceration at the Dougherty County Jail ("DCJ"), following his transfer from Coastal State Prison on October 3, 2006. Plaintiff was being held for a hearing on charges for killing his girlfriend, an employee with the DCJ. Upon his arrival at the DCJ, plaintiff alleges that he spoke to defendant Jane Doe "Booking Officer" (a Captain or Corporal) and informed her that because of his deceased girlfriend's employment, he feared for his life if he were to be placed in the DCJ's general population. In response to plaintiff's request to be placed in protective custody, the Doe officer allegedly stated "you're not going to have your way, you're going straight to general population."

On October 6, 2006, plaintiff asked defendant Officer Smith if plaintiff could take a shower.

Officer Smith allegedly told plaintiff to wait until after 7 a.m., when there would be male officers supervising the shower area. Because plaintiff "insisted" he be let out of his cell to shower, Officer Smith relented. Following his shower, plaintiff returned to his cell, retrieved a piece of paper, and then exited his cell almost immediately to make a phone call. At that point, plaintiff alleges he was jumped by two to four inmates and beaten. After "two minutes," defendant Corporal LeBlanc and several other officers arrived outside plaintiff's cell and broke up the attack.

Plaintiff alleges that Corporal LeBlanc deprived him of medical care by his failure to permit plaintiff to go to medical immediately following the attack. Plaintiff alleges that it was not until hours later when he was finally allowed to go to medical, and that was only to see a nurse, not a doctor, and only to receive one Tylenol.

Finally, plaintiff alleges that Corporal LeBlanc refused to place plaintiff in protective custody following the attack (although plaintiff was ultimately moved to protective custody, without any further incidents) and, additionally, issued a disciplinary report against plaintiff for fighting and disrupting count.

Plaintiff seeks $1.5 million dollars in damages against the following defendants: (1) Sheriff Jamil Saba; (2) Dougherty County Sheriff's Department; (3) the DCJ itself; (4) Officer Smith; (5) Jane Doe Booking Officer; and (6) Corporal LeBlanc. Plaintiff's claims against these defendants are discussed below.

## III. DISCUSSION

### A. Failure to Protect

A prison official can be liable to a prisoner for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). The prisoner must show that he was subjected to a substantial risk of serious harm, and that the prison officials knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977-79; 128 L.Ed.2d 811 (1994).

### B. Defendants

#### 1. Sheriff Jamil Saba

Plaintiff apparently sues Sheriff Jamil Saba based on a theory of *respondeat superior* or supervisory liability. A supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). Instead, "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) if the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support

"an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360.

Because plaintiff has not alleged the personal involvement of Sheriff Saba or a causal connection between Sheriff Saba's actions or omissions and the alleged constitutional deprivations in this case, Sheriff Saba must be **DISMISSED** as a defendant herein. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *2. Dougherty County Sheriff's Department and the DCJ*

The Dougherty County Sheriff's Department and the DCJ are non-suable entities. *See e.g., Marsden v. Federal Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D.N.Y.1994) (holding that a jail is not an entity subject to being sued); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Therefore, no action can be maintained against these defendants under section 1983 and **DISMISSAL** is appropriate prior to ordering service upon said defendants. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after

being served a copy of this order.

### *3. Officer Smith*

Plaintiff claims Officer Smith was "in" on part of the "plot" to attack him. Contrary to plaintiff's claim, plaintiff plainly states that Officer Smith told him to not exit his cell. To use his words, plaintiff "insisted and persisted" that he be allowed to exit his cell, notwithstanding Officer Smith's warning. Plaintiff cannot sue Officer Smith based on his suspicion that she was aware inmates were planning to jump him. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984) (vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983). The complaint against Officer Smith should therefore be **DISMISSED**. It is so **RECOMMENDED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### *4. Jane Doe Booking Officer*

Plaintiff's claim that the Jane Doe Booking Officer's placement of plaintiff in general population, notwithstanding plaintiff's objections, caused plaintiff's injuries, is not frivolous. However, the Court has no way of knowing the name of this defendant in order to perfect service of process. Therefore, no service will be attempted. It is the **RECOMMENDATION** of the undersigned that plaintiff's claim against the Doe defendant be **DISMISSED** without prejudice to

the rights of the plaintiff to file an amended complaint should he subsequently discover her identity. Plaintiff is advised that if he wishes to replace the Doe Booking Officer with a specifically named defendant, he must do so before the applicable statute of limitations expires (presumably October 2008).

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

### 5. *Corporal LeBlanc*

Although it is not clear that plaintiff will ultimately prevail on the merits, the undersigned finds that plaintiff has made sufficient allegations against Corporal LeBlanc to withstand the frivolity review. Therefore, by separate order, plaintiff's complaint shall be allowed to proceed against Corporal LeBlanc only.

**SO RECOMMENDED**, this 5th day of February, 2008.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE