IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TRAVIS SMITH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:07-CV-124 (WLS) |
| | : | |
| CORPORAL LEBLANC, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER**

Before the Court are two Report and Recommendations from two United States Magistrate Judges, filed February 5, 2008 and November 18, 2009, respectively. (Docs. 12, 29). The February 5, 2008 Recommendation by United States Magistrate Judge Richard L. Hodge recommends that Plaintiff's Complaint (Doc. 2) be dismissed as to all of the named Defendants except Defendant Corporal LeBlanc. (Doc. 12 at 5-7). Plaintiff timely filed an Objection to the February 5, 2008 Recommendation. (Doc. 17). The November 18, 2009 Recommendation by United States Magistrate Judge Claude W. Hicks., Jr. recommends that Plaintiff's Motion for Default Judgment (Doc. 24) be denied. (Doc. 29 at 1). To date, no objection has been filed to the November 18, 2009 Recommendation. (*See* Docket).

For the following reasons, the objections set forth in Plaintiff's Objection (Doc. 17) are **OVERRULED** and United States Magistrate Judge Hodge's February 5, 2008 Report and Recommendation (Doc. 12) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE** as to Defendants Saba, Dougherty County Sheriff's Department,

Dougherty County Jail, Officer Smith, and Jane Doe Booking Officer.  The above-captioned case shall go forward against Defendant Corporal LeBlanc.

Additionally, United States Magistrate Judge Hicks's November 18, 2009 Report and Recommendation (Doc. 29) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.  Accordingly, Plaintiff's Motion for Default Judgment (Doc. 24) is **DENIED**.

## I.     February 5, 2008 Recommendation (Doc. 12)

Plaintiff filed his Complaint in the above-referenced matter on July 27, 2007.  (Doc. 2).  Because the Complaint was filed by a prisoner against a governmental entity or its employees, Judge Hodge was required to review the Complaint for certain infirmities listed at 28 U.S.C. § 1915(e)(2).  Judge Hodge's February 5, 2008 Report and Recommendation recommended that, as to all of the Defendants except Defendant Corporal LeBlanc, the Complaint was either frivolous or failed to state a claim upon which relief may be granted.  (Doc. 12 at 5-7).

### A.     Defendant Sheriff Jamil Saba

As to Defendant Sheriff Jamil Saba, Judge Hodge found that the Complaint "has not alleged the personal involvement of Sheriff Saba or a causal connection between Sheriff Saba's actions or omissions and the alleged constitutional deprivations in this case." (*Id.* at 5).  Judge Hodge stated that Plaintiff failed to satisfy the standard for supervisory liability under § 1983 articulated by the Eleventh Circuit in Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).  (Doc. 12 at 4-5).  Thus, Judge Hodge recommended that Defendant Saba be dismissed.  (*Id.* at 5).

This Court finds that Plaintiff's Objection (Doc. 17) fails to rebut the legally sound recommendation of Judge Hodge regarding Defendant Saba.  In support of his argument that

2

Cottone v. Jenne is satisfied, Plaintiff asserts that "the sheriff knew of the *possible* threat to plaintiff's safety," that "the sheriff was very much aware that there was a *substantial* risk of possible bodily harm," and that "the sheriff knew or should have known of the *plausibility* of his subordinates to act unlawfully." (Doc. 17 at 2) (emphasis added). Even if true, these asserted facts do not satisfy the "extremely rigorous" standard of Cottone v. Jenne. Cottone, 326 F.3d at 1360-61. Under the Eleventh Circuit's standard, it must be shown that Defendant Saba "directed the subordinates to act unlawfully or *knew* that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360 (emphasis added); *see also* Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a [prison official's] failure to act can constitute deliberate indifference." (quoting Edwards v. Gilbert, 867 F.2d 1271, 1276 (11th Cir. 1989))). The degree of certainty described in Cottone v. Jenne is not met by Plaintiff's assertions, even in light of the allegation that Defendant Saba made "hostile, demeaning, and derogatory remarks, publicly in newspapers and on television, expressing his anger and outrage [and] calling plaintiff a 'hoodlum' among other things." (Doc. 17 at 2-3).

**B.     Defendants Dougherty County Sheriff's Department and Dougherty County Jail**

As to Defendants Dougherty County Sheriff's Department and Dougherty County Jail, Judge Hodge found that "no action can be maintained against these defendants under section 1983" because they "are non-suable entities." (Doc. 12 at 5 (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994))).

This Court finds that Plaintiff's Objection (Doc. 17) fails to rebut the legally sound recommendation of Judge Hodge regarding Defendants Dougherty County Sheriff's Department

3

and Dougherty County Jail. Plaintiff cites several cases in support of his proposition that "courts have held that a correctional system/judicial system could be held liable for damages from inmate-on-inmate assaults. (Doc. 17 at 4). However, no jail or sheriff's department was named as a defendant in Redmond v. Baxley, 475 F. Supp. 1111 (E.D. Mich. 1979); the same is true in the non-§ 1983 case of Garrett v. United States, 501 F. Supp. 337 (N.D. Ga. 1980); and the same is also true in Saunders v. Chatham County Bd. of Comm'rs, 728 F.2d 1367 (11th Cir. 1984). Thus, no such holding exists in these three cases cited by Plaintiff.

Rather, the Eleventh Circuit has held that a "County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). And in addition to our sister court's long-approved holding that "a jail is not an entity that is amenable to suit," Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994), the old Fifth Circuit also indicated that county jails are not subject to § 1983 liability in stating that a § 1983 plaintiff should, on remand, "amend his complaint to change the defendant El Paso County Jail to El Paso County." Wright v. El Paso County Jail, 642 F.2d 134, 136 n.3 (5th Cir. 1981).[1]

**C.    Defendant Officer Smith**

As to Defendant Officer Smith, Judge Hodge found that the facts in the Complaint belie Plaintiff's assertion that Officer Smith is subject to suit "based on his suspicion that she was aware inmates were planning to jump him." (Doc. 12 at 6). Judge Hodge recommended dismissal of Defendant Smith pursuant to the Eleventh Circuit's holding that "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984); (Doc. 12 at 6).

---

[1]    *See* Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent in the Eleventh Circuit all former Fifth Circuit decisions rendered before October 1, 1981).

4

This Court finds that Plaintiff's Objection (Doc. 17) fails to rebut the legally sound recommendation of Judge Hodge regarding Defendant Officer Smith.  Plaintiff asserts that Officer Smith's "advice that I wait until 7:00 a.m. before I came out (shift change) was a clear indication of her knowledge of a *possible* attack."  (Doc. 17 at 4) (emphasis added).  Separate from Judge Hodge's finding, this assertion does not meet the Cottone v. Jenne rigorous standard of certainty described above regarding Defendant Saba.  Thus, direct involvement in an alleged conspiracy is the only way for Plaintiff's charge against Defendant Smith to survive.  It, however, does not, as was rightly found by Judge Hodge.  The Court also finds that Plaintiff makes no showing beyond "to simply aver in the complaint [and the Objection] that a conspiracy existed."  Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984).  Under Fullman, therefore, the "complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy."  *Id.*

### D.     Defendant Jane Doe Booking Officer

As to Defendant Jane Doe Booking Officer, Judge Hodge found that Plaintiff's claim "is not frivolous," but nonetheless should be dismissed without prejudice because "the Court has no way of knowing the name of this defendant in order to perfect service of process."  (Doc. 12 at 6).   Judge Hodge recommended that "plaintiff … file an amended complaint should he subsequently discover her identity … before the applicable statute of limitations expires."  (*Id.* at 7).

Plaintiff's Objection (Doc. 17) cites case law for the proposition that it is improper to dismiss a prisoner's case for failure to identify certain defendants. (Doc. 17 at 5 (citing Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 554-56 (7th Cir. 1996); Murphy v. Kellar, 950 F.2d 290, 293 (5th Cir. 1992))).

The Eleventh Circuit has expressed that "[a]ppellate courts have acknowledged the difficulties faced by a prisoner in identifying alleged wrongdoers before filing a complaint and have directed district courts to assist prisoners in discovering the identity of the proper defendants." Brown v. Sikes, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000) (citing Valentin v. Dinkins, 121 F.3d 72, 72 (2d Cir. 1997); Duncan v. Duckworth, 644 F.2d 653, 656 (7th Cir. 1981)). The Seventh Circuit has stated that a court may assist a prisoner in prosecuting his § 1983 action against an unknown defendant "by dismissing the complaint without prejudice and providing a list of defects in the complaint." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The Court notes that Judge Hodge made this exact recommendation. (Doc. 12 at 7). However, the Court also recognizes "its responsibility to assist the *pro se* plaintiff who confronts barriers to identifying the appropriate defendants." Donald, 95 F.3d at 556. Thus, should Plaintiff's claims against Defendant Jane Doe Booking Officer survive the remainder of the Court's analysis under 28 U.S.C. § 1915(e)(2), the Court will consider the alternative forms of assistance suggested by Donald.[2]

The Court finds that dismissal is appropriate as to Defendant Jane Doe Booking Officer for failure to state a claim upon which relief may be granted. A claim that a booking officer violated a prisoner's constitutional rights by failing to protect him from fellow inmates "requires allegations that the [officer was] 'aware of the facts from which the inference could be drawn that a substantial risk of serious harm' existed and that [she] actually drew such an inference." Gross v. White, 340 Fed. App'x 527, 532 (11th Cir. 2009) (quoting Purcell v. Toombs County,

---

[2] *See* Donald, 95 F.3d at 556 ("Depending on the particular circumstances of the case, the court may assist the plaintiff by providing counsel for the limited purpose of amending the complaint; by ordering the named defendants to disclose the identities of unnamed officials involved; by allowing the case to proceed to discovery against high-level administrators with the expectation that they will identify the officials personally responsible; by dismissing the complaint without prejudice and providing a list of defects in the complaint; by ordering service on all officers who were on duty during the incident in question; or by some other means.").

6

400 F.3d 1313, 1319-20 (11th Cir. 2005)).  Plaintiff's Complaint contains no such allegations of the booking officer's knowledge of an impending attack that would result from her placing of Plaintiff in the general population of the jail.  (*See generally* Doc. 2 at 4).  Additionally, Plaintiff's Objection merely asserts that "I asked her for protective custody placement and was denied."  (Doc. 17 at 5).  "Merely negligent failure to protect an inmate from attack does not justify liability under section 1983."  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990).  Thus, the Court finds that dismissal is appropriate on grounds in addition to those stated by Judge Hodge in his February 5, 2008 Report and Recommendation.

### E. Defendant Corporal LeBlanc

The Court agrees with the recommendation of Judge Hodge that "plaintiff has made sufficient allegations against Corporal LeBlanc to withstand the frivolity review" and thus the Complaint "shall be allowed to proceed against Corporal LeBlanc only."  (Doc. 12 at 7).

### F. Conclusion

For the foregoing reasons, the objections set forth in Plaintiff's Objection (Doc. 17) are **OVERRULED** and United States Magistrate Judge Hodge's February 5, 2008 Report and Recommendation (Doc. 12) is **ACCEPTED, ADOPTED** and made the Order of this Court with respect to Defendants Saba, Dougherty County Sheriff's Department, Dougherty County Jail, and Officer Smith for reason of the findings made and reasons stated therein.  With respect to Defendant Jane Doe Booking Officer, the recommendation of dismissal made in the Report and Recommendation is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein.  Accordingly, Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE** as to Defendants Saba, Dougherty County Sheriff's Department, Dougherty

7

County Jail, Officer Smith, and Jane Doe Booking Officer.  The above-captioned case shall go forward against Defendant Corporal LeBlanc.

## II.     November 18, 2009 Recommendation (Doc. 29)

Judge Hicks's November 18, 2009 Report and Recommendation recommends that Plaintiff's Motion for Default Judgment (Doc. 24) be denied. (Doc. 29 at 1).  To date, no objection has been filed to the November 18, 2009 Recommendation. (*See* Docket).  Upon full review and consideration upon the record, the Court finds that the November 18, 2009 Report and Recommendation (Doc. 29) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein.  Accordingly, Plaintiff's Motion for Default Judgment (Doc. 24) is **DENIED**.

**SO ORDERED**, this  17th  day of February, 2010.

/s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**