# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

TRAVIS SMITH,                                :
                                             :
       Plaintiff,                      :
                                             :
VS.                                          :
                                             :        **1 : 07-CV-124 (WLS)**
CORPORAL LE BLANC,                           :
                                             :
       Defendant.                      :
_____      :

# ORDER AND RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 27, 2007, raising various claims regarding his confinement at the Dougherty County Jail in 2006. The Court ultimately dismissed all of Plaintiff's claims except for his allegations against Corporal LeBlanc, consisting of claims of deliberate indifference to serious medical needs, failure to place in protective custody, and false issuance of a disciplinary report. (Docs. 12, 30). Presently pending herein are Defendant LeBlanc's Motion to Dismiss and the Plaintiff's motion to amend and motions regarding service and discovery.

***Motion to Amend***

Plaintiff has filed a Motion to Amend (Doc. 40), wherein he seeks to clarify the claims set out in his original complaint. Plaintiff signed this motion on April 10, 2010, and actually filed the motion on April 14, 2010, well after the filing of Defendant's answer on April 8, 2008. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> [a] party may amend its pleading once as a matter of course within 21 days
> after serving it, or
> if the pleading is one to which a responsive pleading is required, 21 days
> after service of a responsive pleading or 21 days after service of a motion

under Rule12(b), (e), or (f), whichever is earlier.

In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(*internal designations omitted*).[1]

Plaintiff's proposed amendment appears to be a clarification of the claims set forth in his original complaint, specifically clarifying that he is pursuing recovery against the Defendants based on their intentional violations of his constitutional rights and adding to the amount of damages claimed. Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the leniency afforded *pro se* prisoner complaints and the pleading standards governing § 1983 claims, the Plaintiff's attempt to amend his complaint is unnecessary. "Under

---

[1]The Court is applying the current version of Rule 15(a), which was amended effective December 1, 2009. Although this action was filed in 2007, plaintiff's Motion to Amend was filed on April 14, 2010. By order of the Supreme Court dated March 26, 2009, the December 1, 2009, amendments "govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Fed.R.Civ.P. Orders of the Supreme Court of the United States Adopting and Amending Rules, Order of March 29, 2009, ¶ 2. Application of the current version of Rule 15 is just and practicable herein, as the motion to amend was filed after the new rule's effective date, and application of the prior version of Rule 15 would not yield a different result, i.e., the court would still find that the plaintiff's request to amend was unnecessary and disallow any actual amendment under the prior version of Rule 15.

Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing* Fed. R. Civ. P. 8(a)(2)); *see Randall v. Scott*, 2010 WL 2595585 (C.A. 11 (Ga.)) ("After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints. All that remains is the Rule 9 heightened pleading standard"). Additionally, the court notes that the Federal Rules of Civil Procedure provide that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed. R. Civ. P. 54(c). Should the Plaintiff ultimately prevail in this action the court will reassess Plaintiff's request for increased damages against the Defendant named herein. Inasmuch as Plaintiff's proposed amendment was sought over two years after Defendant's Answer was filed and does not add to or change the factual or legal bases of his claims as presented in his original complaint, his Motion to Amend, and any actual amendment, is untimely and unnecessary, and is hereby **DENIED**.

### *Motion to Dismiss*

The Defendant has filed a motion to dismiss, alleging that Plaintiff has failed to serve the Defendant with summons and complaint and has failed to exhaust administrative remedies. A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556, 570).

"Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer. Once a defendant has waived any objection to insufficient service of process, 'the court may not, either upon the defendant's motion or its own initiative,' dismiss on that ground." *Hemispherx Biopharma, Inc. v. Johannesburg Consolidated Investments*, 553 F.3d 1351, 1353 (11th Cir. 2008). Inasmuch as Defendant LeBlanc did not raise insufficient service of process in his answer, which was filed on April 8, 2008, but waited to raise this objection in his Motion to Dismiss, filed on March 22, 2010, Defendant LeBlanc has waived any objection to insufficient service of process. Accordingly, this ground cannot support the granting of Defendant LeBlanc's Motion to Dismiss.

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the

PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

Accepting the allegations in Plaintiff's complaint as well as in his response to the Defendant's motion to dismiss as true, the Plaintiff was denied grievance forms by jail staff and was then transferred into the custody of the Georgia Department of Corrections and was unable to avail himself of the grievance system within the Dougherty County Jail. Based on these allegations, accepted as true, a conflict exists between the Defendant's assertions and the Plaintiff's response regarding exhaustion. Thus, the court must make specific findings regarding the disputed factual issues and "decide whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

Defendant LeBlanc has failed to support his assertions of lack of exhaustion with any evidentiary support, such as evidence of Plaintiff's lack of filing grievances while confined during

the period in question. Defendant LeBlanc's assertions of lack of exhaustion are met with Plaintiff's equally unsupported assertions of administrative remedies being unavailable, which would lift the exhaustion requirement. *See Turner*, 541 F.3d at 1084 ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be ' capable of use for the accomplishment of [its] purpose.'"). The Court notes that "the defendant[] bear[s] the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* at 1082.

The Court finds that Defendant LeBlanc has failed to establish that the Plaintiff has failed to exhaust his available administrative remedies. Inasmuch as neither the Defendant's allegation of insufficient service of process nor Defendant's allegation of lack of exhaustion will support the granting of Defendant's Motion to Dismiss, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss be **DENIED**. (Doc. 32).

### *Motions regarding discovery and service*

Plaintiff's Motion for Leave to strike his first set of interrogatories (Doc. 37) and Plaintiff's Motion for Leave to seek interrogatories (Doc. 38), both filed on April 14, 2010, appear to be the Plaintiff's attempt to serve the defendant with interrogatories. To the extent that the Plaintiff presents these requests as motions for the Court's determination, these motions are **DENIED**. The discovery period ended herein on or about July 8, 2008, and neither party has sought either an extension or a reopening of said period.

Plaintiff's demand for personal service of the complaint (Doc. 36), apparently prompted by the Defendant's assertions in his Motion to Dismiss regarding sufficiency of service of process, has been rendered moot by the filing of Defendant LeBlanc's answer and is hereby **DENIED**. *See Hemispherx*, 553 F.3d at 1353.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO ORDERED and RECOMMENDED**, this 14th day of July, 2010.

**s/** THOMAS Q. LANGSTAFF

**UNITED STATES MAGISTRATE JUDGE**

asb