# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| TRAVIS SMITH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CASE NO.: 1:07-CV-124 (WLS) |
| | : |
| CORPORAL LEBLANC, | : |
| | : |
| Defendant. | : |
| _____ | : |

## **ORDER**

Before the Court is a Report and Recommendation ("R&R") from United States Magistrate Judge Thomas Q. Langstaff, filed July 14, 2010. (Doc. 50). Along with several procedural and discovery-related orders by Judge Langstaff (*see* Doc. 50 at 1-3, 6), which are not addressed by this Order, the R&R contains Judge Langstaff's recommendation to this Court that the above-named Defendant's Motion to Dismiss (Doc. 32) be denied. (Doc. 50 at 3-6). Defendant timely filed an Objection to the R&R. (Doc. 52).

For the following reasons, the objections set forth in Defendant's Objection (Doc. 52) are **SUSTAINED**. The Court **ADOPTS-in-part** and **DOES-NOT-ADOPT-in-part** United States Magistrate Judge Langstaff's July 14, 2010 Report and Recommendation recommending denial of Defendant's Motion to Dismiss (Doc. 50 at 3-6). That portion of the R&R recommending denial of Defendant's assertion that dismissal should be made for Plaintiff's alleged failure to perfect service of process (Doc. 50 at 4) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. However, for reasons stated below, the Court **DOES NOT ADOPT** that portion of the R&R recommending denial of Defendant's assertion that dismissal is

1

appropriate for Plaintiff's alleged failure to exhaust administrative remedies (Doc. 50 at 4-6). The above-captioned matter is **ORDERED REMANDED** to Judge Langstaff for review consistent with the Court's instructions below, and for a subsequent Report and Recommendation.

Defendant's Motion to Dismiss (Doc. 32) and Memorandum of Law in Support thereof (Doc. 33) assert two grounds for dismissal: (i) Plaintiff failed to perfect service of process upon Defendant, permitting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5); and (ii) Plaintiff failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), stripping the Court of subject-matter jurisdiction and permitting dismissal pursuant to Rule 12(b)(1). As to the second ground, Plaintiff's Response (Doc. 39) asserts that Plaintiff was denied access to grievance forms while imprisoned at the Dougherty County Jail, which allegedly excuses him from the exhaustion requirement. (Doc. 39 at 3-4).

Judge Langstaff recommends denial of the first ground due to Defendant's failure to timely raise his 12(b)(5) defense according to the timing provisions of Rule 12(h). (Doc. 50 at 4). Defendant's Objection does not challenge Judge Langstaff's legally correct finding. (*See generally* Doc. 52). Thus, that portion of the R&R recommending denial of Defendant's assertion that dismissal should be made for Plaintiff's alleged failure to perfect service of process (Doc. 50 at 4) is **ACCEPTED, ADOPTED** and made the Order of this Court.

Judge Langstaff recommends denial of the second ground stated in Defendant's Motion to Dismiss because, viewing the facts of the Complaint in Plaintiff's favor and placing the burden of proof on Defendant, Judge Langstaff finds that Defendant "failed to establish that the Plaintiff has failed to exhaust his available administrative remedies." (Doc. 50 at 6). Judge

Langstaff specifically finds that "Defendant … has failed to support his assertions of lack of exhaustion with any evidentiary support, such as evidence of Plaintiff's lack of filing grievances while confined during the period in question." (*Id.* at 5-6). Defendant's Objection asserts that while the burden of proof does rest on Defendant, he "finds himself in the untenable position of proving a negative in this instance," that is, that "an employee of the Dougherty County Jail denied Plaintiff of a grievance." (Doc. 52 at 3). Defendant states that this case's record is "devoid of any such evidence," and requests "that Plaintiff should be minimally required to set forth evidence to identify the person(s) who allegedly denied him a grievance, or at least the physical description of such a person(s)." (*Id.* at 3-4). Defendant asserts that, as the record currently stands, "it is unfair and unjust to allow Plaintiff to rest upon his allegation that he was denied a grievance, as Defendant has no way to rebut Plaintiff's bald assertion." (*Id.* at 4).

As shown below, the Court's independent research reveals that further factual findings are required in this case. Therefore, the Court finds it appropriate to sustain Defendant's Objection (Doc. 52), to not adopt the relevant portion of Judge Langstaff's R&R (Doc. 50 at 4-6), and to remand the matter to Judge Langstaff for review pursuant to the Court's instructions and for a subsequent Report and Recommendation. The factual questions to be answered are (i) who allegedly denied Plaintiff the opportunity to file a grievance and (ii) whether Plaintiff could have filed a grievance regarding the conduct alleged in his Complaint (Doc. 2) once he was removed from the Dougherty County Jail and placed into the custody of the Georgia Department of Corrections.

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Procedurally, then, it was proper for

3

Plaintiff's Complaint (Doc. 2) to lack facts as to why no grievance had been filed – in the "Exhaustion of Administrative Remedies" section of his form § 1983 Complaint, Plaintiff simply states that "I did not present my complaint to the prison because the incidents are not related to this prison, but the county jail" (Doc. 2 at 2) – and for Defendant to raise failure to exhaust administrative remedies as an affirmative defense in the Answer (Doc. 18 at 3 ("**FOURTEENTH DEFENSE** Plaintiff has failed to comply with the Prison Litigation Reform Act" (emphasis in original).)). Additionally, pursuant to Eleventh Circuit precedent, Defendant correctly raised his exhaustion defense in a Rule 12(b) motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

Under the Prison Litigation Reform Act, "exhaustion is mandatory" and "unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. Courts "have no discretion to waive this exhaustion requirement," and thus "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim." Bryant, 530 F.3d at 1373 (citing Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998) and quoting Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005)). Additionally, "prisoners must 'properly take each step within the administrative process,'" from filing an initial grievance to appealing the denial thereof. *Id.* (quoting Johnson, 418 F.3d at 1158).

Defendant "bear[s] the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). "[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Id.* A court must first "look[] to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take[] the plaintiff's version of the facts as true." *Id.* "If the complaint is not subject to dismissal at the first step, where the

4

plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083. It is appropriate for a court to look at matters outside of the pleadings in this context because "exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits," and thus "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Bryant, 530 F.3d at 1374, 1376 (footnote omitted).

In his R&R, Judge Langstaff properly applied step one of the two-step process described in Turner. Judge Langstaff found as Plaintiff's version of the facts that he "was denied grievance forms by [Dougherty County Jail] staff and was then transferred into the custody of the Georgia Department of Corrections and was unable to avail himself of the grievance system within the Dougherty County Jail." (Doc. 50 at 5). Because in this light Defendant would not be entitled to dismissal for failure to exhaust, *see* Turner, 541 F.3d at 1084 (holding that "[a] remedy has to be available before it must be exhausted," and that "[r]emedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available"), Judge Langstaff was correct in proceeding to step two.

Defendant's Objection (Doc. 52) is correct that further specific factual findings are needed before Defendant's Motion to Dismiss (Doc. 32) can be resolved. The Court's scope of necessary factual review, however, is broader than that asserted by Defendant. Certainly, Defendant is entitled to available facts regarding the identity of those who allegedly denied Plaintiff the opportunity to file a grievance while Plaintiff was imprisoned at the Dougherty

5

County Jail.  (*See* Doc. 52 at 3-4).  If Plaintiff, though, can recall no such details – after all, the instant Complaint (Doc. 2) was filed more than three years ago – Defendant is entitled to another line of factual inquiry that, while not contained in his Objection, is nevertheless present in Eleventh Circuit caselaw.

Similar facts to the instant case were met in the opinions of Bryant v. Rich, 530 F.3d 1368 (11th Cir. 2008); Miller v. Pryor, 315 Fed. App'x 149 (11th Cir. 2008) (unpublished opinion); and Prickett v. Lawson, No. 607CV041, 2008 WL 5046063 (S.D. Ga. Nov. 24, 2008) (unpublished opinion).  In those cases, the prisoner plaintiffs alleged to have been denied access to grievance forms at one Georgia state prison, were thereafter transferred to a different Georgia state prison, and then filed § 1983 actions.  In each case, failure to exhaust administrative remedies was found because "Georgia prisoners must file out-of-time grievances to exhaust administrative remedies," and no such filings were found to have been made.  Miller, 315 Fed. App'x at 150 (citing Bryant, 530 F.3d at 1378-79); *see* Bryant, 530 F.3d at 1378 ("Priester had access to grievance forms at [Georgia State Prison] by which he could have reported the prison abuse at Rogers [State Prison].  We accept that Priester failed to exhaust his administrative remedies in the light of the PLRA."); Bryant, 530 F.3d at 1379 ("Bryant was … transferred to another prison where the threat of violence was removed.  There, he could have filed an out-of-time grievance and then shown good cause for its untimeliness.  Because he did not, Bryant failed to exhaust an administrative remedy that was available to him."); Prickett, 2008 WL 5046063 at *3 ("The fact that Prickett ultimately wound up in, and filed this case from, a different prison does not excuse her failure to exhaust administrative remedies before commencing this case. … Since nothing made exhaustion unavailable to Prickett, her case must be dismissed on nonexhaustion grounds.").

6

Here, Plaintiff alleges to have been denied access to grievance forms at Dougherty County Jail, was thereafter transferred to a Georgia state prison, and then filed his § 1983 Complaint (Doc. 2). Defendant alleges that Plaintiff failed to exhaust his administrative remedies prior to filing the Complaint. (Docs. 32, 52). In light of Bryant, Miller, and Prickett, the Court finds that a factual inquiry must be undertaken to determine whether Plaintiff "had a grievance procedure available at his new institution," Miller, 315 Fed. App'x at 150, and "could have filed an out-of-time grievance and then shown good cause for its untimeliness." Bryant, 530 F.3d at 1379. "Available" should be construed as a term of art. *See* Turner, 541 F.3d at 1084-85 (defining "available"). One possibly distinguishable aspect of the instant case from the cases of Bryant, Miller, and Prickett is the fact that Plaintiff was allegedly denied a grievance form from a county jail – rather than a Georgia state prison facility – prior to being transferred and filing his § 1983 action.

The above-captioned matter is **ORDERED REMANDED** to Judge Langstaff for further review and specific factual findings regarding (i) the identity of those at the Dougherty County Jail who allegedly denied Plaintiff the opportunity to file a grievance and (ii) whether after Plaintiff's transfer out of Dougherty County Jail he had a grievance procedure available through which he could have filed an out-of-time grievance and then shown good cause for its untimeliness, and for a subsequent Report and Recommendation.

**SO ORDERED**, this  30th   day of August, 2010.

 /s/ W. Louis Sands_____
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**