# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

TRAVIS SMITH, :
:
       Plaintiff, :
:
VS. :
: **1 : 07-CV-124 (WLS)**
CORPORAL LE BLANC, :
:
       Defendant. :
:

## RECOMMENDATION

The Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on July 27, 2007, raising various claims regarding his confinement at the Dougherty County Jail in 2006. The Court ultimately dismissed all of Plaintiff's claims except for his allegations against Corporal LeBlanc, consisting of claims of deliberate indifference to serious medical needs, failure to place in protective custody, and false issuance of a disciplinary report. (Docs. 12, 30). Presently pending herein is Defendant LeBlanc's Motion to Dismiss. (Doc. 32).

### *Background*

Defendant LeBlanc filed his Motion to Dismiss, alleging in part that Plaintiff failed to exhaust administrative remedies. On July 14, 2010, the undersigned issued a recommendation to deny Defendant LeBlanc's Motion to Dismiss, based in part on a determination that the Defendant had failed to meet his burden to establish that the Plaintiff had failed to exhaust administrative remedies. (Doc. 50). The Honorable W. Louis Sands, United States District Judge, declined to accept this recommendation regarding the issue of exhaustion, finding that "further specific factual findings are needed before Defendant's Motion to Dismiss (Doc. 32) can be resolved." (Doc. 55, p. 5).

Pursuant to the specific dictates of Judge Sands' August 30, 2010 order, the parties were directed to provide the Court with evidence and information responding to the following questions:

> [1.] [T]he identity of those at the Dougherty County Jail who allegedly denied Plaintiff the opportunity to file a grievance and
>
> [2.] [W]hether after Plaintiff's transfer out of Dougherty County Jail he had a grievance procedure available through which he could have filed an out-of-time grievance and then shown good cause for its untimeliness.

(Doc. 55, p.7; Doc. 59).

The parties were directed to submit any and all evidence to be considered regarding these two questions, including affidavits and/or sworn statements. Plaintiff was instructed that he could provide testimony or statements certifying "under penalty of perjury that the foregoing [statement] is true and correct" pursuant to 28 U.S.C. § 1746, if he did not have access to a notary public for purposes of properly executing and providing affidavits.

### *Standard of Review*

A motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(quoting *Twombly*, 550 U.S. at 556, 570). In this regard, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of

the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (*internal citations omitted*).

However, while Rule 8 does not require detailed factual allegations, it does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Thus,

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 1950.

Overarching the pleading requirements set out in *Twombly* and *Iqbal* is the consideration of Plaintiff's Complaint in light of his *pro se* litigant status. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers". *Erickson*, 551 U.S. at 94 (*internal citations omitted*). In *Erickson*, the U.S. Supreme Court found that the prisoner plaintiff had properly alleged that he suffered substantial harm and that his allegations regarding the harm he suffered when

3

medical treatment was suspended were not too conclusory to survive Defendants' Motion to Dismiss. *Id.* The Eleventh Circuit continues to follow this tenet that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore be liberally construed." *Watson v. Lockette*, 379 Fed.Appx. 822, 824 (11th Cir. 2010) (quoting *Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). As Plaintiff herein is proceeding *pro se*, the Court has liberally construed Plaintiff's pleadings, although such leniency in regard to formal drafting requirements ultimately does not change the result herein.

### *Exhaustion*

In regard to exhaustion of administrative remedies, the PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper. Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal', he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

In his responses to the Defendant's Motion to Dismiss, the Plaintiff alleges that while confined at the Dougherty County Jail in October 2006, he asked for but was denied grievance forms by Dougherty County Jail staff and was then transferred into the custody of the Georgia Department of Corrections ("GDOC"). (Docs. 39, 58, 61, 63, 64). Plaintiff asserts that once he was in the custody of the GDOC, Plaintiff was unable to avail himself of the grievance system within the Dougherty County Jail. Plaintiff also asserts that the GDOC grievance system did not allow for the filing of grievances regarding non-GDOC facilities. *Id.*

Defendant LeBlanc continues to maintain that Plaintiff's claims are unexhausted. In his response to the Court's October 21, 2010 Order, Defendant LeBlanc identifies three (3) primary detention officers who were present at the Dougherty County Jail facility when the altercation underlying Plaintiff's Complaint occurred. (Doc. 60). Attached to Defendant LeBlanc's response are the affidavits of these three (3) individuals, wherein each testifies that Plaintiff did not request a grievance from them, nor did any of these individual officers ever deny the Plaintiff a grievance form. *Id.* Defendant LeBlanc further maintains that Plaintiff failed to pursue available means of grieving his claims once he was transferred into the custody of the GDOC. Defendant LeBlanc

5

asserts that the Plaintiff failed to file a grievance with the Dougherty County Jail and failed to file a grievance in the GDOC grievance system regarding the claims underlying this Complaint.

The Court notes initially that only one (1) of Plaintiff's three (3) responses to the Court's October 21, 2010 Order bears Plaintiff's declaration under penalty of perjury that his statement is true and correct. (Doc. 63). In the remainder of Plaintiff's responses, Plaintiff merely notes the code section "28 U.S.C. § 1746" underneath his signature. (Docs. 61, 64).

Accepting the factual allegations in Plaintiff's Complaint as well as in his responses to the Defendant's Motion to Dismiss as true, Plaintiff maintains that he has no further information regarding the identity of the Dougherty County Jail employee(s) who denied him grievances. Plaintiff further asserts that once he was transferred into the custody of the GDOC, he could not pursue a grievance against the Dougherty County Jail, either through the GDOC grievance system or at the Dougherty County Jail itself. (Docs. 61, 63). Based on these allegations, accepted as true for purposes of this stage of the Motion to Dismiss analysis, a conflict exists between the Defendant's assertions and the Plaintiff's responses regarding exhaustion. Therefore, the Court must make specific findings regarding the disputed factual issues and "decide whether under those findings the prisoner has exhausted his available administrative remedies." *Turner*, 541 F.3d at 1083.

Based on a thorough review of the Plaintiff's and Defendant's submissions in response to the Court's October 21, 2010 directives, the Court issues the following factual determinations regarding exhaustion:

The identity of the individuals at the Dougherty County Jail who allegedly denied the Plaintiff grievance forms remains unknown. Despite the provision of additional opportunities to submit facts and evidence on this issue, Plaintiff has offered no description or identifying characteristics of the individual(s). Defendant LeBlanc has identified three (3) jail officers who were on duty at the time

6

of the events underlying Plaintiff's Complaint, and the affidavit testimony of these individuals establishes that Plaintiff did not request a grievance form from any of these three individuals and none of the three individuals denied Plaintiff a grievance form. Although it is not necessary for a prisoner plaintiff to identify any particular defendant in a grievance in order to properly exhaust his claims, exhaustion of the grievance system by means of filing some form of proper grievance is required. *Parzyck v. Prison Health Services, Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000)(holding that the PLRA "requires a prisoner to provide in his administrative grievance as much relevant information about his claims , including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide."). It is undisputed herein that the Plaintiff failed to file any type of grievance regarding the events underlying his claims.

Furthermore, the facts establish that the Plaintiff failed to file or pursue any type of out-of-time grievance regarding the events underlying this lawsuit once he was transferred into the custody of the GDOC. Although the Plaintiff maintains that the GDOC grievance procedure does not allow for the filing of grievances regarding non-GDOC facilities and offenses, there is no indication that Plaintiff's ability or opportunity to mail a letter or grievance to the Dougherty County Jail was foreclosed. *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir. 2008) (recognizing that plaintiff "could have filed an out-of-time grievance [once transferred to another prison] and then shown good cause for its untimeliness. Because he did not, [the plaintiff] failed to exhaust an administrative remedy that was available to him."); *Chatham v. Adcock*, 2007 WL 2904117 (N.D.Ga.) (Plaintiff's claim dismissed due to his failure to exhaust available administrative remedies; plaintiff did not assert that he made any attempt to formally grieve offenses, even after transfer to state prison from county jail facility; "[a]t a minimum, Plaintiff might have attempted to pursue those remedies after his transfer

7

through the use of the United States mail.").

Plaintiff has failed to bring forth any evidence to support his conclusory assertions that the GDOC grievance system and the Dougherty County Jail grievance system were unavailable to him once he was transferred into the GDOC system. Plaintiff does not reference any specific portion of the Standard Operating Procedures governing the filing of grievances within the GDOC. Thus, the Court must conclude based on the facts and evidence before it that the Plaintiff failed to exhaust available administrative remedies regarding the claims underlying this lawsuit. There is no indication that the Plaintiff attempted to file any type of grievance regarding the events underlying this lawsuit and his claims therefore remain unexhausted.

Accordingly, it is the recommendation of the undersigned that the Defendant's Motion to Dismiss be **GRANTED**. (Doc. 32). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this recommendation.

**SO RECOMMENDED**, this 15th day of February, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

asb